(No. 4675-)

AUGUST H. HESS, d/b/a MINNETTE BOILER AND SHEET METAL WORKS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 22, 1957.*

AUGUST H. HESS, Claimant, pro se.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

On September 21, 1952, respondent, through the Division of Architecture and Engineering, entered into an agreement with August H. Hess, d/b/a Minnette Boiler and Sheet Metal Works, of East St. Louis, Illinois, for the repair of a boiler at the State Penitentiary at Menard, Illinois. Subsequent to entering into the contract, inspections were made on various dates, namely November 28, 1952 and November 20, 1953, of other boilers not covered by the contract at Menard.

It was agreed verbally between claimant and the Division of Architecture and Engineering for the Depart-

ment of Public Safety that claimant should also make the necessary repairs to the other boilers.

Estimates and bids were given to the Department of Public Safety, the work was authorized, and claimant was instructed to proceed with the extras to repair the boilers.

The original contract, and all extras in addition thereto, were authorized by the Department, and approved by the Division of Architecture and Engineering as of November 20, 1953.

The Department of Public Safety was well aware of the fact that the extra work could not possibly be completed prior to the lapsing of the funds appropriated therefor. The Department of Public Safety failed to ask for a reappropriation of the funds.

The work has been completed by claimant, and has been accepted and approved by the Division of Architecture and Engineering.

As the record now stands, and as is evidenced by the Departmental Report covering contract No. 67612, being respondent's exhibit No. 2, the only reason that payment has not been made is because of the lapse of the appropriation.

Claimant appeared pro se by consent of the Commissioner.

It was stipulated that claimant's exhibits Nos. 1 to 8, inclusive, and respondent's exhibits Nos. 1 and 2 be admitted in evidence without objection. Claimant's exhibits Nos. 1 to 8 cover the contract, correspondence relative to the contract and reason for failure to make payment, the bids and approval of the bids, and approval of the work. Respondent's exhibits Nos. 1 and 2 recognize the reasonableness of the claim, show the services performed were

satisfactory, and set forth the reason why the claim was not paid.

Claimant offered the only witness, who testified as to the contract, the extra work performed, and the reasonableness of the charges made.

This Court has had occasion to pass on similiar situations, and has been allowing claims where the funds were available at the time the contract was entered into, and the only reason for nonpayment of the claim was the lapse of the appropriation at the time of completion, and no funds reappropriated to cover the balances due on contracts of this kind. Also, it has allowed claims where there is no question about materials and services performed by claimants, where inspections have been made, and services and materials accepted by respondent.

It is, therefore, the order of this Court that the claim be allowed in the sum of $2,450.00.